UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL D. MCDONALD,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>VERSO PAPER LLC,  )<br>  )<br>    Defendant  ) | 1:15-cv-00229-JDL |

**RECOMMENDED DECISION**

In this action, Plaintiff alleges that Defendant unlawfully terminated his employment in retaliation for taking medical leave, and that Defendant defamed him in connection with and following his termination from employment. The matter is before the Court on Defendant's Motion to Dismiss or for More Definite Statement (ECF No. 9), which motion focuses entirely on the defamation claim (Count III).[1]

As explained below, following a review of the pleadings, and after consideration of the parties' arguments, I recommend that the Court deny Defendant's request for dismissal and deny the request for a more definite statement.[2]

**BACKGROUND**

The facts set forth herein are derived from Plaintiff's complaint, which facts are deemed true when evaluating Defendant's motion to dismiss.[3]  *Beddall v. State St. Bank & Trust Co.*, 137

---

[1] The Court referred the motion for report and recommended decision.

[2] Although a motion for more definite statement is ordinarily the type of pretrial matter that is within the authority of the magistrate judge upon referral, 28 U.S.C. § 636(b)(1)(a), because Defendant included the request as part of a motion to dismiss, to avoid confusion as to the applicable standard of review should either party object to my conclusions, I determined that a recommended decision on both issues was appropriate.

[3] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

F.3d 12, 16 (1st Cir. 1998).  The facts as alleged also inform the assessment of Defendant's alternative request for a more definite statement.

Plaintiff Michael D. McDonald is a resident of Farmington, Maine, and was employed by Defendant Verso Paper at its place of business in Jay, Maine, from September 1987 through June 19, 2013.[4]  (Complaint ¶¶ 1 – 3.)  Plaintiff took family medical leave from approximately April 13, 2013, through May 6, 2013.  (*Id.* ¶ 4.)  According to Plaintiff, Defendant's representatives escorted Plaintiff from the work premises on June 6, 2013, and terminated his employment on June 19, 2013.  (*Id.* ¶ 5.)  Plaintiff alleges that his termination was in retaliation for his exercise of rights protected under the federal Family Medical Leave Act and the Maine Family Medical Leave Requirements.  (*Id.* ¶¶ 11, 17; Counts I & II.)

In his third cause of action (Count III), Plaintiff incorporates the prior allegations of the complaint and further alleges the following:

> 21.  Defendant has published false statements intending to harm Plaintiff's reputation and deter third persons from associating with or dealing with him.
>
> 22.  Without limiting the generality of the foregoing, after Plaintiff's termination, Defendant has published and forced Plaintiff to publish false statements defaming his occupational and his professional fitness, including statements that his employment was terminated for making threatening statements, failure to meet performance standards and/or for other purported reasons relating to his alleged lack of fitness for his position.
>
> 23.  Said statements were made intentionally, with knowledge of their falsity and with malice.
>
> 24.  As a result of said defamation, Plaintiff has been and will be damaged, in such amounts as will be shown at trial.

---

[4] During a part of his employment, Plaintiff was employed by a predecessor in interest to Verso Paper LLC.

2

**DISCUSSION**

Through its motion, Defendant contends that dismissal is appropriate because Plaintiff has failed in Count III to state a claim upon which relief can be granted. Alternatively, Plaintiff requests that the Court direct Plaintiff to provide a more definite statement regarding the publications upon which Plaintiff bases his defamation claim. (Defendant's Motion to Dismiss or for More Definite Statement, ECF No. 9.)

The essential elements of a defamation claim are:

(1) a false and defamatory statement pertaining to the plaintiff;

(2) an unprivileged publication to a third party;

(3) fault amounting at least to negligence; and

(4) either special harm caused by the defamatory statement or a defamatory statement that is actionable even in the absence of special harm (i.e., defamation "per se," sometimes described as defamation for which "malice" may be implied).

*Cookson v. Brewer Sch. Dep't*, 2009 ME 57, ¶ 27, 974 A.2d 276, 285; *Morgan v. Kooistra*, 2008 ME 26, ¶ 26, 941 A.2d 447, 455; *Marston v. Newavom*, 629 A.2d 587, 593 (Me. 1993).

Although the elements of a defamation claim are determined by state law, "[t]he sufficiency of the pleadings in a defamation case in federal court is governed by federal rules." *Veilleux v. Nat'l Broad. Co.*, 8 F. Supp. 2d 23, 35 (D. Me. 1998); *DeSalle v. Key Bank of S. Maine*, 685 F. Supp. 282, 283 (D. Me. 1988). "Defamation claims are not subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b); instead, they must be pled in accordance with 'the more relaxed pleading requirements' of Federal Rule of Civil Procedure 8, 'which requires only that the plaintiff's charges be set forth in a short and concise statement." *Hawkins v. Kiely*, 250 F.R.D. 73, 74 (D. Me. 2008) (quoting *Bishop v. Costa,* 495 F. Supp. 2d 139, 140 – 41 (D. Me. 2007)).

Nevertheless, in order to enable a defendant to respond effectively to the complaint, a short and concise statement must consist of more than the assertion that a false and defamatory statement was made. *Id.*; *Bishop*, 495 F. Supp. 2d at 140 – 141. Federal courts, therefore, require plaintiffs to assert the substance of the allegedly defamatory statements and the context of the publication. *Hawkins*, 250 F.R.D. at 74; *Bishop*, 495 F. Supp. 2d at 141; *Veilleux*, 8 F. Supp. 2d at 35. As a consequence of this requirement, plaintiffs have been precluded from introducing at trial statements not identified in their pleadings. *Veilleux*, 8 F. Supp. 2d at 36 (discussing *Phantom Touring, Inc. v. Affiliated Publ'ns*, 953 F.2d 724, 724 n.6 (1st Cir. 1992)).

Plaintiff alleges defamation based on statements that Defendant made and the statements that Defendant forced Plaintiff to make. More specifically, Plaintiff asserts that the statements conveyed the false message "that his employment was terminated for making threatening statements, failure to meet performance standards and/or for other purported reasons relating to his alleged lack of fitness for his position." (Complaint ¶ 22.) Given that Plaintiff also asserts that the statements were made in connection with the termination of his employment, Plaintiff has alleged the context in which the statements were made. Defendant, therefore, has sufficient notice of Plaintiff's claim.

Federal Rule of Civil Procedure 12(a) provides in pertinent part, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) motions are not favored in light of the availability of pretrial discovery procedures." *Haghkerdar v. Husson Coll.*, 226 F.R.D. 12, 14 (D. Me. 2005) (citation omitted). Such motions "are to strike at unintelligibility, rather than at lack of detail in the complaint." *Cox v. Me. Mar. Acad.*, 122 F.R.D. 115, 116 (D. Me. 1988). The motions are thus granted "only when a party is

unable to determine the issues he must meet." *Id*. Because Plaintiff has alleged facts sufficient to advise Defendant of the nature of the defamatory statements (e.g., that Plaintiff's employment was terminated for making threatening statements and for failing to meet performance standards) and the context in which the statements were made (i.e., in connection with the termination of Plaintiff's employment), Plaintiff has provided Defendant with sufficient notice of the "issues [it] must meet" at this stage of the proceedings.  *Id*.[5]  Defendant, therefore, is not entitled to a more definite statement.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court deny Defendant's Motion to Dismiss or for More Definite Statement (ECF No. 9).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 22nd day of September, 2015.

---

[5] To the extent Defendant is uncertain of the precise defamatory language, Defendant can request additional information through discovery.  As this Court previously noted, a motion for a more definite statement "is granted sparingly since it is not to be used as a substitute for discovery in trial preparation."  *Haghkerdar*, 226 F.R.D. at 14 (quoting *Town of Hooksett Sch. Dist. v. W.R. Grace & Co.*, 617 F. Supp. 126, 135 (D.N.H. 1984)).